**No. 46910.**—Protests 942454–G, etc., of Miller Bros. (New York).

Opinion by TILSON, J. It was found from the record that certain items consist of woven silk mufflers, hemmed, imported prior to the British Trade Agreement; other items of woven silk mufflers, hemmed and block-printed by hand, which were imported subsequent to the trade agreement; and certain silk handkerchiefs. It was held that some of the items set out in the decision and certain handkerchiefs which were assessed under paragraph 1210, imported prior to the British Trade Agreement (T. D. 49753), are dutiable at 60 percent under paragraph 1209 as claimed, and other items imported after the effective date of the trade agreement in question were held dutiable at 35 percent under paragraph 1209 as claimed. On all items on which a duty or grant was assessed the collector was directed to refund any and all sums of money collected, since the Secretary of the Treasury has not ascertained and determined or estimated the net amount of any bounty or grant, nor declared the net amount thereof, as to certain of the silk articles in question.

**No. 46911.**—Protests 69750–K, etc., of Butler Bros. et al. (New York).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 46912.**—Petition 6090–R of United States Graphite Co. (Nogales).

Opinion by DALLINGER, J. At the hearing it appeared that due to the fluctuating reports received from the American Consul at Guyamas, a conference was held between the assistant collector, several officers of the petitioning company, the customs attorney, and one of the witnesses who is connected with the customs broker in this case, at which it was agreed to enter the graphite at a value of $7.50 per ton, plus dutiable charges, and that a foreign investigation would be made in the matter to ascertain the proper value. The only other witness, an agent of the petitioning company, testified that the importer is the sole owner of the Mexican subsidiary and that the latter company ships all of its products to the said importing company, the petitioner herein. His testimony also corroborated that of the former witness. On the record presented the court was satisfied as to the good faith of the petitioner and therefore granted the petition.

**No. 46913.**—Petition 6236–R of Henry S. Beach (El Paso).

Opinion by DALLINGER, J. It appeared in this case that prior to making entry the petitioner had a conference with the customs officials and furnished them all information he had relative to a discount from the wholesale list price of the Mexican manufacturer. On appeal to reappraisement a question of discount was decided adversely to the petitioner in the case of United States v. Mexican Products Co. (28 C. C. P. A. 80, C. A. D. 129). The United States examiner testified that in 35 years he had never had any question in his mind about the good faith of the petitioner in his dealings with the customs officials. On the record the court was satisfied as to the good faith of the petitioner. The petition was therefore granted.